Natalia ARUTINOVA, Petitioner,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 04-70219.

Agency No. A77-730-250.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 1, 2005.*

Decided Aug. 15, 2005.

Natalia Arutinova, Sacramento, CA, pro se.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, David Dauenheimer, U.S. Department of Justice Civil Division, Richard M. Evans, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before O'SCANNLAIN, CALLAHAN and BEA, Circuit Judges.

MEMORANDUM**

Natalia Arutinova, a native of the former Soviet Union and citizen of Georgia,

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.

petitions for review of the Board of Immigration Appeals' ("BIA") decision, which affirmed the Immigration Judge's ("IJ") order denying her application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252.

Where, as here, the BIA adopts and affirms the IJ's decision, we review the decision of the IJ as if it were that of the BIA. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003). We review for substantial evidence, *Nagoulko v. INS,* 333 F.3d 1012, 1015 (9th Cir.2003), and we deny this petition for review.

 Arutinova contends that she established past persecution. We disagree. First, with respect to the problems Arutinova had in her schooling, the problems she had finding employment, and the closing of her school, substantial evidence supports the IJ's conclusion that these incidents did not rise to the level of persecution. *See id.* at 1016; *see also Prasad v. INS,* 47 F.3d 336, 339–40 (9th Cir.1995). Second, with respect to the assault against Arutinova at school, substantial evidence supports the IJ's finding that the incident did not occur on account of a protected ground. *See Ochave v. INS,* 254 F.3d 859, 865–66 (9th Cir.2001). Finally, although the IJ incorrectly found that the men who attacked Arutinova in her home did not make ethnic remarks, the record does not compel a finding of past persecution with respect to this attack because there is no evidence that it was committed by the government or forces the government was unwilling or unable to control. *See Navas v. INS,* 217 F.3d 646, 655–56 (9th Cir. 2000).

Substantial evidence also supports the IJ's conclusion that Arutinova does not have a well-founded fear of future persecution in light of current country conditions,

see *Nagoulko,* 333 F.3d at 1018, and because of her ability to relocate to another part of Georgia, *see* 8 C.F.R. § 208.13(b)(2)(ii).

Because Arutinova did not establish that she was eligible for asylum, it follows that she did not satisfy the more stringent standard for withholding of removal. *See Alvarez–Santos v. INS,* 332 F.3d 1245, 1255 (9th Cir.2003).

Arutinova has waived her claim for CAT relief by failing to raise any arguments in her opening brief challenging the IJ's denial of this claim. *See Martinez–Serrano v. INS,* 94 F.3d 1256, 1259–60 (9th Cir.1996).

**PETITION FOR REVIEW DENIED.**